UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X

MICHAEL SMITH, as Trustee and Fiduciary
of the Local 966 Health Fund, JOHN O'MEARA,
as Trustee and Fiduciary of the Local 966 Health
Fund,

                              **MEMORANDUM & ORDER**

                Plaintiffs,                        24-CV-04320 (FB) (LKE)

        v.

BEDFORD STUYVESANT RESTORATION
CORPORATION,

                Defendant.

---------------------------------------------------------X

**Lara K. Eshkenazi, United States Magistrate Judge:**

      Before the Court is the motion of Michael Smith and John O'Meara, as Trustees and Fiduciaries of the Local 966 Health Fund (collectively, "Plaintiffs") for attorneys' fees and costs in connection with vacating an entry of default against Defendant Bedford Stuyvesant Restoration Corporation ("Defendant"). For the reasons set forth below, the Court denies Plaintiffs' motion.[1]

**I.    BACKGROUND**

      Plaintiffs commenced this action on June 18, 2024, with the filing of a Complaint alleging violations of the Employment Income Security Act of 1974, as amended, the Labor Management Relations Act, and state laws to collect delinquent contributions owed by Defendant. (Compl. at 1, ECF 1.) Plaintiffs served Defendant with the Summons and Complaint on July 22, 2024. (Proof

---

[1] "In contrast to a motion for default judgment, which seeks dispositive relief, a motion to vacate an entry of default is not a dispositive motion and thus may be addressed by a magistrate judge in a memorandum and order, rather than a report and recommendation." *Renna v. Bright Mountain Media, Inc.*, No. 19-CV-5510 (RLM), 2020 WL 6786011, at *1 n.1 (E.D.N.Y. Oct. 19, 2020). "Similarly, a magistrate judge has the authority to decide a fee award in connection with the vacatur of a notation of default." *Id*.

of Serv., ECF 5.) After Defendant failed to answer or otherwise respond to the Complaint by August 12, 2024, the Court extended the deadline for Defendant to respond to the Complaint to September 2, 2024. (8/26/2024 Text Order.) Plaintiffs subsequently informed the Court that they had not properly served Defendant, and that they would attempt to serve Defendant again. (Pls.' Letter, ECF 6.) Plaintiffs properly effected service of the Summons and Complaint on September 4, 2024. (Proof of Serv., ECF 7.) After Defendant failed to answer or otherwise respond to the Complaint by the deadline of September 25, 2024, Plaintiffs requested a Certificate of Default, which the Clerk of Court entered on October 1, 2024. (Pls.' Req. for Certificate of Default, ECF 8; Clerk's Entry of Default, ECF 9.) On November 4, 2025, Plaintiffs filed a motion for default judgment against Defendant. (Mot. for Default J., ECF 11.)

Approximately one month later, on December 5, 2024, Defendant filed an answer, and on December 30, 2024[2], Defendant filed a motion to set aside the entry of default pursuant to Federal Rule of Civil Procedure 55(c). (Answers, ECF 14, 15; First Mot. to Set Aside Default, ECF 17.) In support of its motion to vacate, counsel for Defendant, A. Servall Chilliest, submitted a declaration explaining the reasons for Defendant's failure to answer or otherwise respond to the Complaint in a timely manner. (Decl. Chilliest, ECF 17-1.) Mr. Chilliest explained that Defendant is a not-for-profit corporation and does not have a general or in-house counsel to review legal documents. (*Id.* ¶ 5.) Mr. Chilliest further explained that between the date of the filing of the Complaint and the Clerk's Entry of Default[3], Defendant had forwarded a copy of the Complaint to its insurance company "as was its custom to do with any complaint filed against the

---

[2] In fact, Defendant filed two duplicate answers. (*See* ECF 14, 15.)

[3] In his declaration, Mr. Chilliest mistakenly refers to the Clerk's Entry of Default as an entry of "default judgment." (*See id.* ¶ 10.) While Plaintiffs had filed a motion for default judgment at the time of Defendant's appearance in the case, the Court had not yet ruled on that motion and no judgment had been entered.

corporation." (*Id*. ¶ 8). Defendant took no further action until it learned of the motion for default judgment because it believed the insurance company was handling the matter. (*Id*. ¶¶ 8-9.) According to Mr. Chilliest, Defendant learned that the insurance coverage did not apply to the allegations in the Complaint only after the default had been entered. (*Id*. ¶ 11.) At that point, Defendant sought to locate counsel to handle the matter on an expedited and *pro bono* basis. (*Id*. ¶ 12.) On November 11, 2024, a week after the filing of the default judgment motion, Defendant contacted Mr. Chilliest's office, and he began investigating the matter. (*Id*. ¶ 13.) A few days later, on November 14, 2024, Mr. Chilliest reached out to counsel for Plaintiffs and requested an extension of time to file and answer. (*Id*. ¶ 14.) Mr. Chilliest further states that due to "the complexity of the issues involved and the number of documents which needed to be reviewed," he filed an answer "in as short of a time period as could be reasonably expected." (*Id*. ¶ 15.)

Plaintiffs initially opposed the motion to vacate the default (Pls.' Mem. Opp. Mot. to Set Aside, ECF 18), but after a settlement conference with the Court, Plaintiffs consented to vacate the default but requested an award of attorneys' fees and costs incurred as a result of Defendant's default, (Status Report, ECF 25). Accordingly, the Court vacated the default and ordered Defendant to respond to Plaintiffs' fee application by June 4, 2025. (5/21/2025 Text Order.) Defendant did not file a response.

**II.   DISCUSSION**

District courts have the inherent power to place conditions on the vacatur of default. *See Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 515 (2d Cir. 2001) ("[A] district court has inherent power to impose a reasonable condition on the vacatur in order to avoid undue prejudice to the opposing party."). Specifically, the condition that a defendant absorb a plaintiff's out-of-pocket fees and expenses has the effect of mitigating — at least in part — the prejudice that might

3

otherwise inhibit the vacatur. *See generally id.* at 515 (quoting 10A *Wright & Miller's Federal Practice and Procedure* § 2700, at 170–71 (3rd ed. 1998)) ("The imposition of conditions as part of granting a Rule 55(c) motion can be used to rectify any prejudice suffered by the nondefaulting party as a result of the default and the subsequent reopening of the litigation."). "Importantly, an award of attorneys' fees and costs upon vacating an entry of default does not require a finding of willfulness on the part of the defaulting party." *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 52 (E.D.N.Y. 2008) (citations omitted).

While the Court certainly has the discretion to impose fees, the Court finds that such an award is not warranted in this case. The cases in this district in which courts have awarded attorneys' fees as a condition of vacating a default involved "an extended period of wasted time or disregard of court orders." *Id.* at 52-53 (distinguishing, *inter alia*, *Powerserve Int'l*, 239 F.3d at 511-12 (involving an approximately one-year delay and disregard of various court orders)). The facts of this case are more similar to those in *Pall Corporation*, in which the court concluded that the plaintiff's failure to respond to the defendant's counterclaims was the result of "an inadvertent mistake," that vacating the default would not prejudice the defendant, and that "an award of attorneys' fees and costs [was] not warranted under the circumstances." 249 F.R.D. at 52-53. *See also Renna*, 2020 WL 6786011, at *3 (denying request for attorneys' fees where "once alerted to the Court's orders, defendant obtained counsel and timely responded to plaintiff's motion for default judgment"); *Oscilloscope Pictures, Inc. v. Monbo*, 17-cv-7458 (MKB) (ST), 2019 WL 2435644, at *4 n.3, *8 (E.D.N.Y. Mar. 25, 2019) (declining to award fees incurred in responding to motions to vacate entry of default where the plaintiff failed to show any prejudice from the default such as the loss of evidence, increased difficulties in obtaining discovery, greater opportunity for fraud and collusion, or any other cognizable harm).

Here, Defendant's failure to respond was the result of a misunderstanding with its insurance company, and Defendant promptly rectified its mistake and appeared in this matter upon learning that the insurance company would not handle the case. (*See* ECF 17-1.) Specifically, Defendant retained counsel and Defendant's counsel reached out to Plaintiffs' counsel less than two weeks after the motion for default judgment had been filed, and about six weeks after Defendant's deadline to answer had passed. Defendant's new counsel contacted Plaintiffs' counsel within days of being retained and filed an answer a few weeks later after familiarizing himself with the facts of the case. In light of this timeline, Plaintiffs cannot claim to have suffered any prejudice as a result of the delay. *See Oscilloscope Pictures, Inc.,* 2019 WL 2435644, at *4 n.3.

Accordingly, while this Court recognizes that, were it not for Defendant's negligence in retaining counsel upon being served, Plaintiffs would not have had to engage in motion practice, the Court finds that an award of attorneys' fees and costs is not warranted under the specific circumstances of this case.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs' motion for attorneys' fees and costs is denied.

**SO ORDERED.**

Dated: Brooklyn, New York
       December 16, 2025

*Lara K. Eshkenazi*
LARA K. ESHKENAZI
UNITED STATES MAGISTRATE JUDGE

5